McNaughton *et al. v.* City of Elkhart.

---

No. 9143.

MCNAUGHTON ET AL. *v.* CITY OF ELKHART.

TOWN.—*Nuisance.*—*Pleading.*—Complaint by an incorporated town to recover the amount of a judgment which it had been compelled to pay, alleging an unlawful excavation, wrongfully and without permission made by the defendants in a sidewalk, into which one H. fell and was injured; that H. sued the town and recovered the judgment; that the defendants were notified of the suit and defended it. Answer that the excavation was made for a stairway to the basement of a building of one of the defendants, such as was customarily made by others, with the knowledge of the town; that due care was used to avoid injury; that an unexpected caving of the earth occurred, of which the plaintiff had notice, but failed to inform the defendants, and the injury was the result of such caving, and could have been avoided by a trifling expense.

*Held,* that the answer was insufficient, because it did not aver permission from the town to make the excavation, but only evidence tending to show permission.

SAME.—*Streets.*—*Negligence.*—An excavation in a sidewalk of an incorporated town, made without leave, is a nuisance *per se*, and the wrong-doer is liable to the town for such damages as it incurs to persons injured thereby; and this liability does not depend upon the negligence or care with which the excavation was made or guarded.

McNaughton *et al. v.* City of Elkhart.

SAME.—*Judgment.*—*Res Adjudicata.*—In such case, where the town, upon being sued, notified the wrong-doer thereof, and that it will look to him for indemnity, the judgment concludes him, as to the facts thereby adjudicated.

SAME.—*Principal and Agent.*—Where an act done is unlawful, creating a nuisance *per se,* an agent who actively participated therein, is liable alike with his principal.

PLEADING.—*Averment.*—The allegation in a pleading of circumstances from which a fact may be inferred is not equivalent to an averment of the fact.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell,* for appellants.

*J. M. Vanfleet,* for appellee.

ZOLLARS, J.—This action was commenced by the appellee against the appellants, to recover the amount of a judgment which it had been compelled to pay to one Lydia Ritter, which judgment she recovered against the corporation for injuries received from a fall into an excavated sidewalk.

The substance of the complaint is that in 1875 the appellants, without permission from the town of Elkhart, unlawfully and wrongfully made an excavation in the sidewalk along the north side of lot No. 16, of the original plat of said town, situated on one of the principal streets, and left said excavation in an unsafe and unguarded condition; that while the sidewalk was in such unsafe and unguarded condition, Lydia Ritter, without fault on her part, fell into the excavation and was injured. It is further alleged that said Lydia Ritter brought a suit against the town for damages, on account of said injury, and recovered a judgment; that, after the action was begun, the town notified appellants that they would be held liable for whatever judgment the town might be compelled to pay, and that they appeared, made defence, and caused an appeal to be taken to the Supreme Court, where the judgment was affirmed; that in January, 1880, the appellee paid the judgment and costs, amounting to $1,000, for which amount judgment is asked against appellants. There

is a second paragraph of complaint, but for the purposes of this decision it need not be set out.

To this complaint appellants filed their joint and separate answers. The record states that they were in three paragraphs, but we find in the record the second and third only. Appellee filed its demurrer to each paragraph of the answer, which was sustained by the court, and appellants excepted and now assign the ruling as error. They declined to answer further, and judgment was rendered against them. The third and joint answer states substantially that appellant Defrees was the owner, and in possession by tenants, of the lot mentioned in the complaint; that there was a brick building upon it, with a basement suitable for occupancy; that appellant McNaughton was her agent, and had in charge the renting and repairing of said building; that under her direction, and with the knowledge and without objection from the town, he took up the sidewalk, made the excavation and constructed a stairway for the purpose of gaining access to the basement of the building and admitting air and light thereto; said stairway being such as other property owners on the street were accustomed to have and use with the consent of the town. It is further stated that, while the work was in progress, appellants, as the town knew, exercised great care in keeping the excavation guarded and in a safe condition; that the excavation was carefully guarded and protected by "planting" wooden posts on the outside thereof, at a suitable distance therefrom, and by securely nailing boards to said posts on all sides of the excavation, and by covering it securely with boards, so as to prevent persons from falling into or in any way being injured thereby. It is further averred that on the day said Lydia Ritter was injured, the work was temporarily suspended, and appellants absent, McNaughton at his home in Elkhart, and Mrs. Defrees at her home ten miles distant, and that the excavation was left, on the morning of said day, securely guarded, as above stated, and in all respects safe and secure; that during said day a

portion of the earth at the side of the excavation, about two feet in width and three feet in length, outside of the said guards, suddenly caved in, being caused by the sudden and unexpected thawing of the earth and the action of the elements, the weather having suddenly turned warm. It is further stated that neither of appellants had any notice that the excavation had thus become dangerous, but believed it to be safe and securely guarded as left by them; that if they or either of them had known of the danger, they could and would have prevented the injury.

There is a further allegation that appellee was at once notified of the dangerous condition of the excavation by reason of the caving in aforesaid, and could have guarded the same so as to have prevented the injury, at a nominal expenditure of time and money; that appellee, through its officers, could have notified appellant McNaughton within five minutes, but carelessly neglected to do so, or to take any steps to prevent the injury.

In deciding upon the sufficiency of this answer, it is material to determine whether or not the pleadings show the excavation to have been made and the stairs erected with the permission of the town. If with such permission, and they did not constitute a nuisance *per se*, the appellants were not wrong-doers, but engaged in a lawful work, and could become liable only upon their neglect to properly guard and protect the excavation, so as to prevent injury. The ground of liability in such case is negligence, and an answer setting up absence of negligence and the exercise of proper care would be a good answer. Cooley Torts, p. 626; Wharton Negligence, sec. 816 and cases cited; *City of Fort Wayne* v. *DeWitt*, 47 Ind. 391; *Fisher* v. *Thirkell*, 21 Mich. 1 (15 Am. R. 460).

If, on the contrary, the pleadings show that the excavation was made and the stairs erected without such permission, appellants were wrong-doers; the authors of a nuisance in the street, are without reference to care or negligence, liable for all injury resulting therefrom. The doctrine is well stated by

Judge Cooley, in his work on torts, as follows: "If an individual, whether the adjoining owner or not, and whether the fee in the public way is in himself or in the public, does any act which renders the use of the street hazardous or less secure than it was left by the proper public authorities—as by excavations made in the sidewalks, or by unsafe hatchways left therein, or by opening or leaving open area ways in the travelled way, or by undermining the street or sidewalk—he commits a nuisance, and he is liable to any person who, while exercising due care, is injured in consequence. If, however, he has the consent of the proper public authorities, and what he does is consistent with the customary use of the way for private purposes—as where he is making connection with a public sewer or with a gas main—and he observes a degree of care proportioned to the danger, and is consequently chargeable with no fault, he can not be held responsible for accidental injuries, inasmuch as in such case he has failed in the observance of no duty. The question in all such cases is one of due and proper care." Cooley Torts, 626. See, also, *Town of Centerville* v. *Woods*, 57 Ind. 192; *Pettis* v. *Johnson*, 56 Ind. 139.

Does the answer negative the charge of wrong made in the complaint, and show permission from the town to make the excavation?

The complaint charges in direct terms, that appellants, without permission from the town, unlawfully made the excavation. Giving the fullest possible scope to the averments of the answer, they do not constitute a denial of the allegations of the complaint in this particular. It is stated that appellants, with the knowledge of and without objection from the town, made the excavation. The purpose of this averment, doubtless, was to show an implied permission on the part of the town. This, as a matter of evidence, would have been competent to go to the court or jury as tending to show such permission, but, as a matter of law, does not establish such fact. It is not stated how long appellants were engaged upon the excavation. For

McNaughton *et al. v.* City of Elkhart.

aught that appears in the answer, it may have been but for a day, or half day.

We can not enlarge the answer by any kind of presumption ; indeed, the general rule is to construe a pleading strictly against the pleader.

It can not be said with any kind of reason, that towns and cities must at once, upon knowledge of the fact, stop a wrongful excavation in the sidewalks, or be held to have consented thereto. It is further stated in the answer, that appellants made the excavation and constructed a stairway for the purpose of gaining access to the basement of a building, and to admit air and light thereto ; said stairway being such as other property owners on the street were accustomed to have and enjoy with the consent of the town. That fact, too, under a proper answer, might have gone to the court or jury as evidence tending to show permission from the town, but it does not negative the allegations of the complaint, or amount to an averment that appellants had such permission. Here, again, it is not stated for how long a time others had been allowed to use such stairways with such consent. It may have been but for a very short time. These are the only averments of the answer upon the question of permission from the town, and they do not show such permission, or meet the allegations of the complaint, that the excavation was made without such permission, and unlawfully. We must, therefore, hold that, as shown by the pleadings, appellants, in making the excavation, were acting without such consent, were wrong-doers, and as such responsible for all injuries resulting from such excavation to others without fault.

It follows, therefore, that the liability of appellants is not to be measured by their care or negligence in making or guarding the excavation, and that the answer attempting to set up due care and diligence as a defence is not a sufficient answer to the complaint.

The second answer is the separate answer of appellant McNaughton. Upon the question of permission from the town,

the averments are the same as in the joint answer. It is stated further that his co-defendant, Mrs. Defrees, was the owner of the lot; that he was her agent, and as such, at her direction, employed competent workmen to make the excavation ; " that except as such agent, and with the exception of employing the workmen and carrying out the directions of his principal in directing said workmen, he had and has no interest in or possession of said lot, and was not otherwise in any manner concerned in making the excavation." It is strenuously contended by the able counsel for appellant, that McNaughton, as shown by this answer, if in fault at all, was guilty of a non-feasance only, and therefore not liable. We can not agree with counsel. McNaughton's fault was not the omission of a duty simply.  So far as he was connected with the making of the excavation, it was in an active capacity. He was employing men to make the excavation, and directing them in making it. He was guilty of a misfeasance, the excavation being wrongful and unlawful. Hilliard lays down the rule of liability as follows : " Thus it is held, that, where an immediate act is done by the co-operation or the joint act of two or more persons, they are all trespassers, and may be sued jointly or severally ; and any one of them is liable for the injury done by all, even to the extent of exemplary damages ; provided, however, either that they acted in concert, or that the act of the party sought to be charged ordinarily and naturally produced the acts of the others. So 'all persons, who direct or request another to commit a trespass, are liable as co-trespassers.' All who aid, command, advise, or countenance the commission of a tort by another, or who approve of it after it is done, without reference to comparative, individual interest, are liable, if done for their benefit, in the same manner as if they had done the tort with their own hands. Thus, a person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances and approves the same, is in law deemed to be an aider and abet-

McNaughton *et al. v.* City of Elkhart.

tor, and liable as principal." 2 Hilliard Torts, 242 and 243. We agree with counsel that there are cases where the agent, employed about his principal's business and acting under his directions, is not liable to third parties for mere omissions; but this is not such a case. In no case, where the thing done is unlawful, can the agent shelter himself behind his principal and escape liability. *Wright* v. *Compton*, 53 Ind. 337; Story Agency, sections 311, 321; Wharton Agency, section 542; *Harriman* v. *Stowe*, 57 Mo. 93.

Are appellants bound by the judgment against the corporation?

The complaint, as we have seen, states that, without permission, the sidewalk was excavated and left open; that one Lydia Ritter, without fault, fell into it and was injured; that she brought her action against the corporation for damages on account of such injury; that appellants, upon notice, appeared and made defence; and that a judgment was recovered against the corporation, which it paid.

It is well settled that when a town or city has been compelled to pay damages on account of excavations and obstructions in its streets, wrongfully made, or lawfully made and negligently left in a dangerous condition, it has a right of action over against the author or authors of the nuisance for the amount so paid; and that, if properly notified of the action, such person or persons are bound and concluded by the judgment recovered against the corporation, as to all questions adjudicated in such action.

In this case it sufficiently appears that, in the suit against the corporation, it was settled and adjudged that the excavation was made and left in an unsafe and unguarded condition; that Lydia Ritter, without fault on her part, fell into the excavation, was injured, and suffered damage to the amount of the judgment. It is alleged, and admitted because not denied, that appellants were notified of the action and appeared and made defence. They are now barred from contesting any of the facts so adjudicated. They were not, by

the judgment, precluded from pleading and proving that they did not make the excavation; but this the answers admit. And had they properly alleged in the answers that they made the excavation with the permission of the town, they might also have alleged and proved, as a defence to this action, that they were not guilty of negligence in guarding and protecting the excavation. *City of Boston* v. *Worthington,* 10 Gray, 496; *Catterlin* v. *City of Frankfort,* 79 Ind. 547 (41 Am. R. 627); *Chicago City* v. *Robbins,* 2 Black, 418; *Robbins* v. *Chicago City,* 4 Wal. 657.

The court below correctly sustained the demurrer to the answers.

The judgment is affirmed, at the costs of appellants.

Woods, C. J., did not participate in the decision of this case.