## BLACK, BY NEXT FRIEND, v. CITY OF MISHAWAKA ET AL.

[No. 4,106. Filed November 25, 1902.]

EVIDENCE.—*Harmless Error.*—The action of the court in rejecting the testimony of a witness as to statements made by one of the defendants, in an action for personal injuries caused by the obstruction of a street, in directing the other defendant to place the obstruction in the street, was harmless where the witness was afterward permitted to testify fully as to all he knew concerning such statements. *p. 107.*

TRIAL.—*Directing Verdict.—Harmless Error.—Municipal Corporations.—Personal Injuries.*—In an action against a city, a property owner, and a contractor for street improvements, for personal injuries resulting from the obstruction of a street, the court directed the jury to return a verdict in favor of the city and the property owner, and the jury, after deliberation, returned a verdict in favor of all of the defendants. *Held,* that there being no justifiable ground for reversing the judgment in favor of the contractor, the error, if any, in directing a verdict in favor of the other defendants was harmless. *pp. 107–111.*

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Gertrude Black, by next friend, against the city of Mishawaka and others for personal injuries. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*T. E. Howard, J. G. Orr* and *E. A. Howard,* for appellant.

*A. G. Graham, C. N. Crabill* and *George Ford,* for appellees.

BLACK, P. J.—In the complaint of the appellant, by her next friend, against the appellees, the city of Mishawaka, Eugene Perkins, and John Q. Swanger, it was alleged that August 26, 1899, a certain street of that city, known as Union street, much traveled and used by the citizens thereof and by the public generally, was negligently by the appellees allowed and caused to become obstructed, and at a point thereon near the crossing of East Seventh street, in the traveled roadway, there was placed by the appellees, and suffered and caused to be placed there by them, a pile of lumber and pieces of timber, of which obstruction the city had due notice, but it failed and neglected to remove the same; that on the night of that date the pile of lumber and timber was negligently allowed and permitted by the appellees so to remain without lights or guards; that on that night the appellant was lawfully traveling on Union street, riding in a buggy, and carefully driving the horse attached thereto, when, without her knowledge or any fault on her part, the wheels of the buggy struck against the pile of timber so negligently left unguarded and without lights, by reason of which, and without fault on appellant's part, she was thrown and fell violently out upon the street, whereby she was greatly injured, and her right ankle was broken; that before and at the time of the accident she had no knowledge of the obstruction, and she did not and could not see it; that the injury was received without any fault or negligence on her part, but wholly by reason of the negligence of the appellees, etc.

The appellees having answered by general denial, the cause was tried by jury. The court instructed the jury to return their verdict in favor of the city and in favor of the appellee Perkins, and, after deliberating, the jury returned a verdict in favor of all the appellees.

In arguing the causes assigned in the appellant's motion for a new trial, her counsel, while claiming that the verdict was not sustained by sufficient evidence, and that it was

contrary to law, have not directed their discussion specially to these causes, but have placed stress upon the alleged error in directing a verdict in favor of the city and appellee Perkins, and in excluding certain evidence which appellant offered by her witness Simon Becher. The city and the appellee Perkins have each furnished a brief, but no argument has been made before us on behalf of the appellee Swanger.

It appears from the evidence that Perkins resided on the west side of Union street, immediately south of the cross-street named in the complaint, and a short distance from the south and the east boundaries of the city, there being no house between his and the southern corporate limits. The appellee Swanger, a contractor, had constructed a cement sidewalk for Perkins on the east, or Union street side of his property, the city not having ordered the making of the sidewalk, and neither Perkins nor Swanger having procured a permit from the city to make the sidewalk or to place tools or materials on the street. The work, having progressed for some days, was finished about four or five o'clock on Friday afternoon, August 25, 1899, when Swanger, who had furnished the materials, tools, and workmen, went away with his men, taking the tools, but left a number of boards and stakes, which had been used to bind the cement at the sides. Swanger asked permission of Perkins to leave these boards and stakes on his premises, but he refused, saying he would rather have the lumber outside the curb, because he wanted to grade his lawn. Swanger piled up the boards in the roadway, the pile being about one foot wide, eighteen inches high, and sixteen feet long, extending north and south near the curb, and he threw the stakes at the south end of the pile of boards. These stakes made a pile extending into the roadway further than the boards and about three and one-half feet from the curb, eight to twelve inches high in the center, and four or six inches high at the outer end. The roadway at this point was thirty-three feet wide,

smooth and traveled. These materials so remained without lights or guards until the time of appellant's injury, the city having no actual notice of their presence there. The appellant, about seventeen years of age, on Saturday evening, August 26, 1899, was riding southward on Union street, in a single-seated buggy with two of her friends,—a young man and another young woman,—on their way to a party at the residence of appellant's aunt. The young man had been driving from South Bend to and through Mishawaka, but a short distance before reaching the point in question, the appellant, who had been over the road before, while her companions had not previously traveled over this portion of their route, changed places with the young man and took the lines and was driving at a trot, when, at about half past eight o'clock, and after dark, the right front wheel, without striking the pile of boards, passed over the outer end of the pile of stakes, and thereby the buggy was tipped toward the left, and the appellant was thrown, or fell or jumped out on the left-hand side and suffered the injury for which she sued.

Concerning the rejection of the offer to prove by the witness Becher that Perkins directed Swanger to pile the lumber in the street, it is sufficient to say that afterward, in the course of his examination, this witness testified fully as to all that he knew concerning what Perkins said on this subject; and for this reason it can not be said that there was error which harmed appellant in this ruling.

Concerning the question whether the verdict was sustained by sufficient evidence, or was contrary to law, so far as the appellee Swanger is affected,—as to whom the jury, after deliberating and without being directed to do so by the court, found in his favor,—the state of the evidence is such that we would not be authorized to disturb the conclusion so reached upon deliberation by the jury. We may agree with the statement in appellees' brief, that "whether the appellant was driving carefully, whether she was familiar

with the way before the walk was constructed and the ob-
stacle left in the roadway, whether she knew of the ob-
struction or had any reason to expect it, whether she saw
it, whether she drove nearer the side of the roadway than
was reasonably prudent, * * * or whether the appellant
had conducted herself as a reasonably prudent person would
have done under the circumstances, were all, as we think,
questions to be answered by the jury, after hearing the
evidence and the instructions of the court."

The evidence affecting the question as to contributory
negligence was such that the question was within the prov-
ince of the jury to decide, and we would not be justified
in disturbing their finding thereon.    As to the character
and extent and location of the obstruction there is no differ-
ence between the statements of the parties before us.   Nor
is there any question that the evidence shows without con-
flict that it was placed in the roadway and left there by
Swanger without lights or guards during the period above
stated, and that the only connection of Perkins with the
obstruction was his suggestion, request, or direction to
Swanger to place the materials in the street, and his knowl-
edge of their presence there, unlighted and unguarded.   He
certainly, in any view, if liable at all, would be liable only
as one who participated with Swanger in what he did, and
there could be no reason for holding Perkins liable for
damages if Swanger was not liable.

In such a case, when the obstruction was not erected by
the city, and it did not make any order or give any per-
mission for its creation, and it had no actual notice of its
existence, and its responsibility, if any, would arise from
constructive notice inferred from the period of the duration,
prior to the injury, of the obstruction created by a wrong-
doer, and its location and character, and the apparent prob-
ability of injury therefrom, there could be no liability on
the part of the city, if there was none on the part of the
person or persons who, acting voluntarily, created or caused

the obstruction and rendered it dangerous, as did Swanger in this case, or, as claimed by the appellant, Swanger and Perkins.

The city could not properly be regarded as responsible in such a case without liability on the part of Swanger, unless it were made to appear that it was not Swanger who caused the dangerous obstruction. This would be true notwithstanding evidence sufficiently proving constructive notice to the city. If, in such case, Swanger were relieved from liability because of contributory negligence of the injured person, the city would also be entitled to exemption from liability.

The duty of a city to keep its streets in a condition safe for travel is not that of an insurer of their safety, but the city is bound to exercise reasonable diligence and care in the premises. It is bound only to keep the streets reasonably safe, and the question whether it has done so in a particular instance is ordinarily one for the jury.

In determining this question, it is manifest that greater care and diligence is required in a large city than in a small town, and in the populous portion of a city or town than in the sparsely populated outskirts, for the degree of care must be proportioned to the degree of danger of injury to be apprehended. But we do not find it necessary to decide whether or not the evidence was such that the question as to constructive notice to the city should have been left to the jury, or whether or not the evidence sufficiently indicated participation on the part of Perkins to make it proper to submit that question to the jury.

In such case, where the municipal corporation is not itself a wrongdoer, but the plaintiff's injury has been caused by an obstruction made by a third person, and the liability of the city is dependent upon the existence of the obstruction so created, and sufficient notice thereof, actual or constructive, to the city before the injury, the city and such third person are not joint tort feasors, nor are they *in pari*

*delicto.* When the municipality is sued alone for an injury thus incurred, for which it is liable by reason of such notice, it may impose the burden of the defense upon the actual wrongdoer by giving him notice to defend; and, if he had such notice and could have defended the suit, he will be bound by the result of the action, and in a subsequent suit of the municipality against him for reimbursement he can not dispute the material facts adjudicated in the former suit. He will be concluded as to the existence of the obstruction, and as to the liability of the city to the plaintiff in consequence thereof, and as to the amount of damages or injury it occasioned, though he will not be estopped from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the injury happened. *Catterlin* v. *City of Frankfort,* 79 Ind. 547, 41 Am. Rep. 627; *Mc-Naughton* v. *City of Elkhart,* 85 Ind. 384; *City of Elkhart,* v. *Wickwire,* 87 Ind. 77; *Wickwire* v. *Town of Angola,* 4 Ind. App. 253.

In the case before us, the actual creator of the obstruction, Swanger, and Perkins, the person at whose alleged direction the former caused it, and also the city, were parties defendant; and as between the plaintiff and each of them, and as between themselves, they, with the plaintiff, would be bound by the judgment.

By their verdict in favor of Swanger, the jury found that the evidence did not establish some one or more facts necessary to sustain such an action against him. If the evidence were such as to establish without conflict the existence of the obstruction, and that it was caused by the appellee Swanger, and that he was responsible for its existence and its unguarded condition, and that it occasioned the injury, all as alleged in the complaint, yet, if they determined upon sufficient evidence that the appellant directly contributed to her injury by her own negligence, they were authorized to render their verdict in favor of Swanger.

While in such an action against one person as personally responsible for the dangerous condition of the street, and against the city for its failure to perform its duty to keep the street in a reasonably safe condition, the evidence might, in a particular case, establish such a state of facts as would render the city liable for the injury, and exonerate the third person by reason of a personal defense shown; on the other hand, the evidence may, without conflict, show such a state of facts as would necessarily relieve the city unless the third person were liable.

We could not properly reverse the judgment as to the city or Perkins without also reversing it as to Swanger. If the judgment be affirmed as to Swanger, it would conclude all the parties to the action on the question as to the responsibility of the alleged wrongdoer who, without permission of the city, actually erected the obstruction, and there could be no recovery against the other parties defendant or either of them. But as we have seen, we have no justifiable ground for reversing the judgment rendered in favor of Swanger. Therefore, whether or not the court erred in not submitting the cause as against the city and Perkins, to the determination of the jury upon the evidence, yet as the jury, within their province, found in favor of Swanger upon their consideration of the evidence, the error, if any, was actually harmless. *Featherson* v. *President, etc., Turnpike Co.,* 24 N. Y. Supp. 603; *Hill* v. *Bain,* 15 R. I. 75, 23 Atl. 44, 2 Am. St. 873; *Williams* v. *McGrade,* 13 Minn. 46.

Judgment affirmed.