# THE

# MISCELLANEOUS REPORTS

## OF THE

## STATE OF NEW YORK.

### COMMENCING SEPTEMBER, 1914.

Matter of the Application of WASHINGTON H. RANSOM, from Local Assessment No. 709 for Concrete Walk on State Road, City of Lockport.

(County Court, Niagara County, September, 1914.)

City of Lockport — meaning of "streets" as used in section 223 of charter — assessment against abutting owner for entire expense of constructing sidewalk — petition for improvement — when assess- ment set aside.

The term "streets," as used in section 223 of the charter of the city of Lockport which declares that certain named streets are determined to be a public necessity as main thoroughfares leading into the city, refers to the roadway set apart for vehicles, and does not include sidewalks.

An assessment against the abutting owner for the entire ex- pense of the construction of a sidewalk in front of premises abutting on the south side of the state road in said city between South Transit street and the city line, and named in said section 223 of the charter, is legal and proper.

The petition for the improvement called for a four-foot "cement sidewalk," the committee to whom the petition was referred reported in favor of a four-foot sidewalk and directed the city engineer to prepare plans and specifications and the city clerk to draw an ordinance therefor. The common council adopted the report, but the ordinance as prepared and adopted called for a "four-foot concrete walk." The assessor reported local assessment for "four-foot concrete walk." On the hearing

1

on the assessment the clerk called the matter up by referring to the assessment as "for a cement walk," and the assessment as confirmed was referred to as one "for a cement walk." The appellant appeared at the hearing on the assessment and objected that he should only have been assessed for one-half of the expense of the walk in front of his premises under said section 223 of the charter, but raised no question relative to the petition being for a cement walk and the ordinance for a concrete walk.

Held, that appellant was not injured by the difference in the description and the assessment should not be set aside in the absence of proof of injury to appellant.

APPEAL from an assessment against real property for street improvement.

Carl L. Fritton, for appellant.

Mortimer A. Federspiel, for respondent, City of Lockport.

FISH, J. This is an appeal pursuant to the provisions of the charter of the city of Lockport from a local assessment against the appellant's real property for a concrete walk on the south side of the state road in said city and from the order confirming said assessment. The charter provides in relation to such appeals (§ 246): "An appeal may be taken within twenty days from the time of the first publication of every ordinance directing any local improvement, to the County Court of the County of Niagara * * *. An appeal may in like manner be taken to said County Court * * * from any local assessment and the order confirming the same, within twenty days from the confirmation of such assessment."

The charter (§ 249) provides also as follows: "Upon the hearing of the appeal the appellate court shall hear and determine all questions as to the legality or regularity of the matter or proceedings appealed

from, and if such matter or proceedings appear to be not in accordance with law, said appellate court shall give judgment setting aside, vacating and annulling the same   *   *   *   but if such matter or proceedings appear to be in accordance with law, said appellate court shall give judgment affirming the same.''

Appellant's realty against which the assessment was laid fronted on said street and the assessment was for the entire expense of the construction of such sidewalk in front thereof, and the appellant claims that such realty should only have been assessed for one-half of such expense, under section 223 of the charter which provides as follows:

'' Sec. 223.   Petition not required for improvement of certain streets.   No petition shall be necessary for the paving, repaving, macadamizing, graveling, curbing, guttering or otherwise improving any of the following streets, which are hereby declared and determined to be a public necessity as main thoroughfares leading into the city as follows:   *   *   *

'' 9. State road from South Transit street to the City Line.

'' The common council by a two-thirds vote of its elective members shall declare and determine that the total cost of improvements on main thoroughfares hereinbefore specified shall be borne as follows: one-half from the general fund and the other one-half to be assessed on the abutting properties, in like manner and with the same effect as herein provided for local improvements   *   *   *.''

This section is found in the article entitled '' Local Improvements '' and under which the sidewalk in question was laid and the assessment made.   The appellant's property fronts on the state road between South Transit street and the city line and he claims that the

**4**        MATTER OF RANSOM.

word " streets " in the last quoted section means all the street including the sidewalk and that said assessment should only have been for one-half of the expense of constructing the sidewalk in front of his property.

The appellant, however, is met at the outset by the claim that he is not properly in court to raise this question, as he did not appeal from the ordinance directing the improvement. The provisions of the charter as quoted above provide for two appeals, one from the order directing the improvement and one from the assessment and order confirming the same. Section 220 of the above-entitled article provides: " Whenever the common council shall determine that the expense of any improvement shall be defrayed by an assessment upon the real estate which it deems benefited thereby, it shall declare the same in the ordinance directing such improvement."

In the ordinance directing this improvement the common council determined and declared that the whole expense thereof should be defrayed by an assessment on the property to be benefited thereby describing the property which it found benefited thereby among which was appellant's, and it is this determination which is complained of. The legislature having provided a remedy by appeal, such remedy is exclusive. *United States T. Co.* v. *Mayor,* 144 N. Y. 493.

I believe it is the scheme of this charter that the matters determined by the common council in the ordinance directing the improvement, and which it was within their jurisdiction to determine, should be reviewed by appeal from such ordinance. Such a finding is like the judgment of a court and is secure from collateral attack (27 Am. & Eng. Ency. of Law [2d ed.], 725; *City of New York* v. *Davenport,* 92 N. Y. 604), unless it is void. If the determination in question is ille-

gal, however, such illegality can be asserted at any time (Paige & Jones Taxation by Assessment, 1337), while if it is merely erroneous, it can only be attacked by direct appeal. *National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49; *Norris* v. *Jones,* 7 Misc. Rep. 198; *Weaver* v. *Devendorf,* 3 Den. 117; *Broderick* v. *City of Yonkers,* 22 App. Div. 448, affd., 163 N. Y. 571.

Under the charter the court is empowered to hear and determine all questions as to the legality or regularity of the matter or proceedings appealed from, and if the determination is illegal, the assessment is illegal and such illegality can be pronounced upon this appeal. Thus, in determining this preliminary question, we come to the merits of the controversy: Was the determination of the common council illegal or erroneous? I am of the opinion that it was neither, but was legal and proper. I think the word " streets " as used in said section 223 refers to the roadway set apart for vehicles and does not include sidewalks.

The term " streets " has a broad meaning and a narrow meaning. In its broad sense it includes both the roadway for vehicles and the sidewalk for pedestrians. In its narrow sense it includes only the roadway for vehicles. 27 Am. & Eng. Ency. of Law [2d ed.], 103; *Pomfrey* v. *Village of Saratoga Springs,* 104 N. Y. 467; *Dickinson* v. *Worcester,* 138 Mass. 562.

In *Matter of Phillips,* 60 N. Y. 21, and in *Matter of Burmeister,* 76 id. 181, the statute under consideration provided that no assessment for a local improvement should be vacated or set aside " except only in cases in which fraud shall be shown and in cases of assessment for repairing any street or public place " and it was held in each case that the word " street " as thus used included the sidewalk and that " repairing any street " embraced the whole street. These cases and

the one at bar are entirely different; there the word
" street " is construed to include sidewalk with the
result that an assessment may be set aside on account
of irregularities; while here to construe the word
" streets " to include sidewalks would relieve certain
favored properties from a burden generally borne by
property of the city of Lockport.

An exemption from taxation must be in clear and
unambiguous language and appear to be indisputably
within the intention of the legislature.   Exemptions
are to be strictly construed.   *People* v. *Peck,* 157 N. Y.
51; *Roosevelt Hospital* v. *Mayor,* 84 id. 115; *Buffalo
City Cemetery* v. *City of Buffalo,* 46 id. 508.

In other parts of this charter the word " street "
is used in its narrow sense.   Article VIII is entitled:
" Public Works, Streets, Bridges and Culverts, Cross-
walks and Sidewalks."   Section 175 of the last-named
article twice names " streets " and " sidewalks " in
the same connection, using the word " streets " in its
narrow sense.   The title to the very next section fol-
lowing said section 223 is " Sidewalks, curbs and
gutters constructed at expense of adjoining owners."
The charter under consideration provides for two
distinct procedures in the construction of sidewalks,
one under article VIII by the superintendent serving
a notice on the owner to build and in case of his failure
so to do within a certain time the city is empowered
to build and assess the expense to the owner, or upon
the premises, in front of which the work was done;
the other under article X as a local improvement, on
petition of one-third of the abutting owners and by
ordinance as was done in this case.   Under the first
procedure it is expressly provided (§ 182) that " the
building  *  *  *  of all sidewalks  *  *  *  shall be
done at the expense of the premises in front of which
they are required, or at the expense of the owners

thereof.'' Under the latter procedure it is provided (§ 229) that the expense shall be assessed upon the property which the common council deems benefited thereby, except '' but in all cases where the local improvement is for paving, repaving, macadamizing, curbing or guttering a street or streets, the common council shall further estimate as nearly as may be the portion of the entire estimated expense to be assessed against the city at large, which shall be one-third of the total expense, except as provided in section 223 for the improvement of the main thoroughfares specified in that section.'' -

If the word '' street '' or '' streets '' in the last-quoted sentence includes the sidewalk or sidewalks, then the heading of the section immediately following section 223 is wrong and we have this inconsistent result, if a sidewalk is constructed under said article VIII the entire expense is borne by the abutting property; if under article X one-third of the expense is borne by the city at large and if it happens to be on any portion of any of the streets named in said section 223, then one-half of the expense is borne by the city at large; whereas if the word '' streets '' in said section 223 and the words '' street '' or '' streets '' in said section 229 are construed to be used in their narrow meaning as only including the roadway set apart for vehicles, we have greater harmony in the various provisions of the charter. There is not complete harmony for in the one case the expense is to be assessed upon the abutting property or the owners thereof, while in the other it is to be assessed upon the property benefited according to the benefits. In this case the abutting property was deemed the property benefited and the benefits determined to be in proportion to the frontage, and probably in all cases

County Court, Niagara County, September, 1914. [Vol. 87.

there would be a like determination particularly in the absence of special circumstances.

The petition for the improvement called for a four-foot "cement sidewalk," the committee to whom the petition was referred reported in favor of a "four foot cement sidewalk" and that the city engineer prepare plans and specifications and the city clerk draw an ordinance therefor. This report was adopted by the council, but the ordinance as prepared and as subsequently adopted called for a "four foot concrete walk." The assessor who made the assessment reported local assessment "for four foot concrete walk." On the hearing on the assessment the clerk called the matter up by referring to the local assessment as "for a cement walk" and the local assessment as confirmed was referred to as an assessment "for a cement walk." The words "cement" and "concrete" were descriptive of the walk and were thus used as synonymous terms. The specifications would give the exact character of the walk. The appellant appeared at the hearing on the assessment, objected that he should only have been assessed for one-half of the expense of the walk in front of his premises, but raised no question relative to the petition being for a cement walk and the ordinance for a concrete walk. The appellant was not injured by this difference in description between the petition and the ordinance and the assessment should not be set aside in the absence of injury to the appellant. *Conde* v. *City of Schenectady,* 164 N. Y. 265.

While every provision of a taxing statute having the semblance of a benefit to the property owner must be complied with, minor defects and irregularities in an assessment which do not go to the merits, and do not affect the substantial rights of the property owner,

but which are purely technical, will not invalidate an assessment. *Knell* v. *City of Buffalo,* 54 Hun, 80; *D. & H. Canal Co.* v. *City of Buffalo,* 39 App. Div. 333.

Judgment granted affirming the assessment.

Judgment affirmed.