## SIPE v. CITY OF KOKOMO.

[No. 10,583.   Filed December 15, 1920.]

1. MUNICIPAL CORPORATIONS. — *Sidewalk Obstruction.* — *Reimbursement.*—*Action by City.*—*Torts.*—Permission given by one member, out of the presence and hearing of the other members, of the board of public works, to build a cement step on a sidewalk, is no defense to the city's action for reimbursement for damages recovered by one falling thereon, since by §8694 Burns 1914, Acts 1905 p. 236, §91, no member has any authority to act for such board except pursuant to an order thereof regularly made at a meeting where a majority is present.   p. 366.

2. MUNICIPAL CORPORATIONS.—*Sidewalks.*—*Obstruction by Another.*—*City Not In Pari Delicto.*—*Torts.*—A city is not *in pari delicto* with one who has obstructed a sidewalk by constructing therein a concrete step without the authority or consent of the city.   p. 366.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by the city of Kokomo against George W. Sipe.   From a judgment for the plaintiff, the defendant appeals.   *Affirmed.*

*Joseph C. Herron,* for appellant.
*Lloyd McClure,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover the amount of money that appellee was compelled to pay on account of one Jennie Heath having sued appellee for damages sustained by falling over an obstruction consisting of a cement step, eleven inches wide, leading into appellant's business room, and placed by appellant. When appellee was sued, it gave appellant notice to defend, which he failed to do.   Judgment was rendered against appellee, which it was compelled to pay.   The amount paid, $736.93, is the basis of this action and the amount for which appellee recovered judgment.   A motion for a new trial was overruled,

which ruling constitutes the only error assigned. The motion presents only the questions of the sufficiency of the evidence, and as to whether the verdict is contrary to law.

The fact—which presents the only question involved—that a member of the board of public works, out of the presence and hearing of the other members of the board told appellant that he might build the step, cannot protect appellant. Section 8694 Burns 1914, Acts 1905 p. 236, §91, expressly provides that no member of such board shall have any authority to act on behalf of the same except pursuant to an order of the board regularly made at a meeting of the same at which meeting a majority of such board shall have been present. Further, it was a part of an agreed statement of facts that appellant constructed and maintained the step on the sidewalk without any authority or consent of the appellee, city of Kokomo. Appellant contends that there can be no recovery, for the reason that the parties are *in pari delicto.* But this question, as well as others involved, has been decided against appellant's contention in the case of *Black* v. *City of Mishawaka* (1902), 30 Ind. App. 104, 65 N. E. 538, and cases there cited. Judgment affirmed.