## Town of Walton v. Diers, et al.

(Decided January 19, 1917.)

### Appeal from Boone Circuit Court.

1. Municipal Corporations—Street Improvements—Abutting Owners. —The board of trustees of a town of the sixth class is not empowered to cause the construction of a side walk at the cost, exclusively, of the abutting property owners, except the proceedings therefor be made at a regular meeting, and upon the affirmative votes of four members of the board, where the construction has not been petitioned for by the abutting property owners, and it is not determined to be done upon the ten-year bond plan.

2. Municipal Corporations—Street Improvements—Abutting Owners. —The board of trustees of a town of the sixth class is empowered to cause the construction of side walks at the cost, exclusively, of abutting property owners, in three instances: (1) when a majority of the abutting property owners petition therefor; (2) when it is done at the regular meeting of the board and upon the affirmative votes of four members thereof; (3) when it is de-

termined to be done, at a regular meeting, by the votes of a majority of the board, upon the ten-year bond plan.

CHARLES STROTHER for appellant.

TOMLIN & VEST for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, town of Walton, is a municipality of the sixth class, in Boone county, Kentucky. It appears from the petition, that on the 6th day of November, 1914, the Board of Trustees made an order as follows:

"On motion and second, the clerk was instructed to notify Mrs. J. V. Diers to build a concrete walk on the north side of High Street, the entire length of her property, same to be 4 ft. wide and in accordance with the ordinance dated Sept. 2nd, 1902; limit of time, Nov. 10/14."

The petition alleges that this notice was delivered to the appellee, but that she refused to build the sidewalk, and thereafter the appellant, by its board of trustees, caused it to be built, at a cost of fifty-two dollars and ninety-two cents, and that a statement showing its cost, by order of appellant, was presented to the appellees and payment of it demanded, but they failed and refused to pay, and that appellant has a lien, upon the abutting property owned by the appellees, to secure the payment of the cost of building the sidewalk, and that its cost was less than fifty per cent. of the value of the ground, excluding the value of the buildings and improvements thereon, and that the lien is a superior lien. The abutting property owned by the appellee, J. V. Diers, is then described, and the prayer of the petition seeks a recovery against the appellees for the fifty-two dollars and ninety-two cents alleged to have been expended in the construction of the sidewalk, with interest thereon from the 12th day of March, 1915, until paid, and the costs of the action, and that appellant be adjudged to have a lien upon the property for the satisfaction of the claim, and that the property be sold in payment of the demand. It, also, appears from the petition, that J. V. Diers is the wife of the appellee, H. C. Diers, and that previous to the time of the making of the order above set out, an order was made directing H. C. Diers to construct the sidewalk, but, when it was learned that he was not the owner of the property, but, that it belonged to

the appellee, J. V. Diers, the order above set out was made.

To the petition, the appellees interposed a general demurrer, which was sustained by the court, and the appellant declining to plead further, the petition was dismissed and from that judgment an appeal to this court was taken.

One of the grounds of demurrer relied upon, and which is the only one necessary to be considered, is, that the order to build the sidewalk is an order of the board of trustees for the original construction of a sidewalk, at the cost, entirely, of the owner of the abutting property, and that such order, as appears from the petition, was not made at the regular meeting of the board of trustees; was made upon the initiative of the board; and that four members thereof did not vote for its adoption. The authority of the board of trustees of municipalities of the sixth class to construct sidewalks is derived from the provisions of section 3706, of the Kentucky Statutes, which is a part of the charter of municipalities of that class. The section referred to is somewhat involved, which doubtless arises from the fact that it has been amended twice since it became a law, on July 1st, 1893. One amendment to it became a law on March 19th, 1894, and another on March 29th, 1902, and the section, as now constituted, is made up of the original statute and the two amendments. The statute authorizes and empowers the board of trustees to order done any work they deem necessary to be done upon the sidewalks, curbing, sewers, streets, avenues, highways and public places of such towns. The board of trustees is, likewise, authorized to cause the cost of the construction or reconstruction of sidewalks, curbing, streets, avenues, highways, sewers, and public places to be paid out of the general fund of the town, or by the owners of lands fronting or abutting thereon, as they may determine. It will be observed that the statute does not define the method to be pursued when it is determined to pay the costs of the construction or reconstruction of a sidewalk out of the general fund of the town, but it specifically prescribes the method to be pursued, when it is determined, that the cost of the construction or reconstruction of a sidewalk is to be paid, exclusively, by the abutting property owners. It fixes the time and manner and circumstances under which the board of trustees shall have the authority and power to

do so. No other times or ways are provided for by the statute for the exercise of this power by the board of trustees, and it is confined exclusively to the manner and conditions there prescribed, and such must exist before it has the power to cause sidewalks to be built, at the exclusive cost of the abutting property owners. The portion of the statute referred to is as follows:

"The original construction or reconstruction of any sidewalks, curbing, streets, sewers, avenues, highways, alleys, and public places may be made at the exclusive cost of the owners of the lots and parts of lots or land fronting or abutting or bordering upon the proposed improvement and be equally apportioned by the board of trustees according to the number of front feet owned by them respectively upon the petition of the majority of the property owners of lots or parts of lots, or land abutting or bordering upon the proposed improvement; or the board of trustees may cause same to be done without such petition upon the vote of four members-elect of said board of trustees at a regular meeting thereof; or the board of trustees, may, by a majority vote at any regular meeting thereof, cause any such improvement to be made upon the ten-year bond plan."

The section of the statute quoted empowers the board of trustees to construct or reconstruct sidewalks at the cost, exclusively, of the owner of the abutting property in three instances. First. It may be done when a majority of the abutting property owners petition the board of trustees to order the construction or reconstruction. Second. The board of trustees may cause it to be done without any petition from the owners of the abutting property and upon their own initiative, at a regular meeting of the board of trustees, and upon the affirmative votes of four of the members of the board. Third. It may be done by a majority vote of the membership of the board of trustees at any regular meeting of the board, when it is determined to have the sidewalks constructed or reconstructed upon the ten-year bond plan, which is, also, fully set out in the statute. In the instant case, the improvement was not ordered to be made upon the ten-year bond plan, but the payment for it to be made in cash. The construction of the sidewalk was not requested by any abutting property owner, but was made by an order of the trustees without any petition from the abutting property owners, and when it is so done, by the express words of the statute, the board is without

authority or power to cause it to be done at the exclusive cost of the abutting property owner, except when it is done at a regular meeting of the board, and when as many as four members thereof cast their vote in favor of causing it to be done.   It is apparent that the board of trustees is without power to require a sidewalk to be built and paid for, exclusively, by the abutting property owners, unless the proceedings are had at a regular meeting of the board, and the resolution is voted for by four members of it, where the construction has not been petitioned for by a majority of the abutting property owners, and where it is not ordered to be done upon the ten-year bond plan, as set out in the statute.

The judgment is, therefore, affirmed.·