## Barry v. City of Cloverport, et al.

(Decided May 11, 1917.)

On motion to dissolve injunction from Breckinridge Circuit Court.

1. Municipal Corporations—Streets—Sewers—Sidewalks.—Kentucky Statutes, Section 3643, confers upon the council of a city of the fifth class authority to cause to be constructed or reconstructed

streets, avenues, alleys, highways and sewers; also sidewalks and curbing, but requires that the expense of constructing or reconstructing streets, avenues, alleys, highways and sewers be paid in any of the following four ways:  Out of a general fund of the city; by the owners of the lots fronting or abutting thereon; two-thirds by the owners of such lots and one-third by the.city; or upon the ten-year bond plan.  The expense of constructing or reconstructing sidewalks, however, it requires to be paid by the owners of the abutting property.

2.  Municipal Corporations—Improvements—Sidewalks.—As the council of a city of the fifth class is without authority to require the expense of constructing or reconstructing sidewalks to be paid in any other manner than by the owners of the abutting property, the action of the circuit court in granting, at the suit of a resident taxpayer, an injunction restraining the mayor and council of Cloverport, a ·city of the fifth class, from ·constructing sidewalks on a certain street thereon, on the ten-year bond plan, was not error.

MALIN & MILLER for plaintiff.

R. M. HOLLAND for defendants.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Overruling motion to dissolve injunction.

The common council of the city of Cloverport, by the due passage of an ordinance, provided for and directed the improvement of a street therein, known as Second Cross street, by the construction of a sidewalk on the west side thereof at the expense of the abutting property owners, and on the ten-year-bond plan.  The plaintiff, J. A. Barry, a citizen and taxpayer of the city of Cloverport, owning property on the street mentioned, in this action brought against the city of Cloverport, its mayor and council, in the Breckinridge circuit court, after due notice to the defendants and the execution of the required bond, obtained of the clerk of that court, in the absence of the judge thereof, a temporary injunction restraining the defendant from proceeding with the improvements authorized by the ordinance in question.  The latter thereafter appeared before the judge of the Breckinridge circuit court and ·entered motion to dissolve the injunction, which motion was overruled, and the case is now before me, a judge of the Court of Appeals, upon a like motion made by the defendants.

The questions raised by the motion to dissolve the injunction are thus stated in the brief of defendant's.

counsel: (1) Can a city of the fifth class, to which Cloverport belongs, construct sidewalks under the ten-year-bond plan? (2) Is the ordinance violative of section 157, Constitution of Kentucky? (3) Can a city change the grade previously established by ordinance and require the property owners to remove a brick sidewalk, previously constructed under an ordinance and replace it by a new concrete sidewalk? If the question first presented is answered in the negative, it will be decisive of the motion and render unnecessary the answering of questions 2 and 3.

The authority attempted to be exercised by the council of the city of Cloverport in the matter of requiring the making of the improvements referred to, is claimed under section 3643, Kentucky Statutes, as amended by the act of the General Assembly of 1912. The section contains thirteen sub-sections. Sub-sections 1, 2, and 3 provide:

"1. Public Ways—Cost of Improving—Ten Year Plan—Assessments—Lien—Street Improvement Fund.—The city council is hereby authorized and empowered to order any work they may deem necessary to be done upon the sidewalks, curbing, sewer, streets, avenues, highways, and public places of such city. The expenses incurred in making and repairing sidewalks and curbing shall be paid by the owners of the lands fronting and abutting thereon, each lot or portion of lot being separately assessed for the full value thereof, in proportion to the frontage thereof to the entire length of the whole improvement, not exceeding a square, sufficient to cover the total expense of the work; but the owners of such property shall have the right to make such improvements, if they prefer doing so, instead of paying for the same. The cost and expenses incurred in constructing or reconstructing streets, avenues, highways, sewers and public places shall be paid out of a general fund of the city or by the owners of the land fronting and abutting thereon, as the city council may in each case determine; or the city council may order and direct that two-thirds only of said cost and expenses so incurred shall be paid by the owners of the lands fronting and abutting said improvements and the other one-third paid by the city; but the local assessments shall not exceed fifty per centum of the value of the ground after such improvement is made, excluding the value of the buildings and other improvements upon the property so improved.

"The cost of constructing or reconstructing the intersection or crossing of streets, avenues and highways shall be at the expense of the city.

"Each sub-division or territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares on either or both sides by principal streets, the ordinance providing for the improvements for such public ways shall be the depth on the side or sides not defined in the square fronting said improvement, to be assessed for the cost of making the same, according to the number of square feet owned by the parties, respectively, within the depth set out by ordinance.

"2. Duties of City Council.—Whenever the city council shall determine upon the construction or reconstruction of streets, avenues, highways, sewers and public places at the expense or partial expense of the abutting property, as provided in section one of this act, they shall cause the same to be done as follows:

"The ordering of such improvement shall be by ordinance of the city council, and the contract therefor shall be awarded to the lowest and best bidder after proper advertisement for bids. The city council shall require the accepted bidder to execute a bond to the city with good and sufficient security, to be approved by said council, for the faithful performance of his contract.

"3. Cost of Construction—How Paid—Ten Year Plan.—The original construction or reconstruction of any streets, highways, alleys, sewers and public places may be made at the exclusive cost of the owners of the lots and parts of lots or lands fronting or abutting or bordering upon the proposed improvements to be equally apportioned by the city council according to the number of front feet owned by them, respectively, or in part at the cost of the owners and part at the cost of the city, upon the petition of a majority of the property owners of lots or parts of lots, or land abutting or bordering upon the proposed improvement; or the city council may cause same to be done without such petition upon the vote of four members-elect of said council at a regular meeting thereof; or the council may, by a majority vote of any regular meeting thereof, cause any such improvement to be made upon the ten-year-bond plan as hereinafter provided."

The remaining ten sub-sections of the statute provide for the issual of bonds, the disposition of the street im-

provement fund, the method of assessment, the creation and satisfaction of the liens on the abutting property, the apportionment of the money and the submission of the bond issue to voters.

My consideration of the provisions of section 3643, Kentucky Statutes, convinces me that it does not give to a city of the fifth class authority to compel the construction or reconstruction of sidewalks under the ten-year-bond plan. It will be observed that sub-section 1 declares, ''the city council is hereby authorized and empowered to order any work they may deem necessary to be done upon the sidewalks, curbing, sewer, streets, avenues, highways and public places of such city.'' The first of the two parts into which the sub-section then divides itself thus treats of the first two items enumerated in the introductory sentence:

''The expenses incurred in making and repairing sidewalks and curbing shall be paid by the owners of the lots fronting and abutting thereon.''

In the second part provision is made for the remaining items as follows:

''The cost and expenses incurred in constructing or reconstructing streets, avenues, highways, sewers and public places shall be paid out of a general fund of the city, or by the owners of the lots fronting or abutting thereon, as the city council may in each case determine; or the city council may order and direct that two-thirds only of such cost and expenses so incurred shall be paid by the owners of the lots fronting and abutting said improvements and the other one-third paid by the city.''

It is patent that the legislature, in this sub-section, separately considered ''sidewalks and curbing'' on the one hand, and ''streets, avenues, highways and public places'' on the other. Only in the matter of constructing or reconstructing streets, avenues, highways, sewers and public places is a choice allowed whereby the cost may be paid by the city, by the abutting property owners, or one-third by the city and two-thirds by the abutting property owners. But in the matter of constructing or reconstructing sidewalks no such choice is allowed. The requirement is that the cost of constructing the latter shall be paid by the abutting property owners. The distinction referred to could not have accidentally been made by the legislature. In making it that body doubtless realized that as the cost of constructing streets, avenues and sewers is much greater than that of constructing sidewalks,

it should be left to the discretion of the city council to provide for its payment by one of the three methods indicated, but that the cost of the less expensive work, the construction of sidewalks, should be paid by the abutting property owners.

In the absence of the distinction thus made by the section, *supra,* between streets and sidewalks and in providing distinct methods for paying the cost of constructing them, the argument of defendant's counsel that the word "street" has commonly been construed as including sidewalk would have much force, but in view of the construction compelled by the language of the statute, which I think the correct one, neither the argument of counsel nor the authorities cited in support of it can be given any controlling effect upon the decision of the question involved. Sub-section 3 of the section, *supra,* in providing that "the original construction or reconstruction of any streets, avenues, highways, alleys, sewers and public places may be paid for in any of the three ways previously mentioned, or that the council may, by a majority vote at any regular meeting thereof, cause any such improvement to be made upon the ten-year-bond plan as hereinafter provided," omits altogether any mention of the terms "sidewalks" or "curbing." If it had not been the evident purpose of the legislature to maintain the distinction between sidewalks and streets and the separate methods of providing for the payment of the cost of constructing them made by sub-section 1, in providing, as is done in sub-section 3, a fourth method for paying the cost of the construction of streets, etc., by the ten-year plan, would either have mentioned sidewalks or used such language as showed an intention to make the ten-year-bond plan applicable as a method of paying for the construction of sidewalks as well as streets. The statute as a whole seems free from ambiguity. It admits, therefore, of only one interpretation, and nowhere in it is found a provision declaring that sidewalks and curbing shall be paid for in any other way than by the owners of abutting property.

If, as claimed, the charters of some of the cities of other classes contain a provision permitting the cost of constructing sidewalks to be paid under the ten-year-bond plan, it but emphasizes the fact that the omission of such a provision from the statute before us applicable to cities of the fifth class, shows an intention upon the part of the legislature to make the method inapplicable to cities of

that class. It may here be remarked that section 3706, Kentucky Statutes, applicable to cities of the sixth class, contains a provision expressly permitting the cost of constructing or reconstructing sidewalks and curbing to be paid on the ten-year-bond plan. This variance of itself shows an intention on the part of the legislature to distinguish between the two classes and to make inapplicable to cities of the fifth class the ten-year-bond plan as a method of paying the cost of constructing sidewalks therein.

My attention has been called to no case, nor have I found one, which passes upon the precise question here presented; but, notwithstanding the absence of authority furnished by an adjudicated case, I think the solution here given of the question correctly decides it.

For the reasons indicated, the motion of the defendants to dissolve the injunction is overruled. The six other judges of the Court of Appeals sat with me in the consideration of this motion and each of them concurs in the conclusion reached.