## Privette, et al. v. Shirley, et al.

(Decided November 18, 1921.)

### Appeal from Metcalfe Circuit Court.

1. **Municipal Corporations—Vacancy on Board of Trustees—How Filled.**—By the provisions of section 3692, Ky. Statutes, a vacancy in the entire board of trustees in a town of the sixth class may be filled by the county court, and pursuant to section 1058, Ky. Statutes, this may be done at a special term of the court.

2. Municipal Corporations—Sidewalks.—A contract for the construction of sidewalks in cities of the sixth class is not required to be let by the board of trustees upon competitive bidding.

3. Municipal Corporations—Lien on Abutting Property—Interest.— The court did not err in allowing interest on the amount of the lien on abutting property from the date construction of the sidewalk was completed, accepted and paid for by the board of trustees.

W. S. SMITH for appellant.

BASIL RICHARDSON, V. H. BAIRD and J. W. KINNAIRD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellees, claiming to act as trustees of Edmonton, a town of the sixth class, by ordinance, ordered certain property owners, including appellants, to construct concrete sidewalks not less than four feet in width in front of their properties on or before November 1, 1917. Appellants failed and refused to construct the sidewalk in front of their property as ordered, whereupon appellees on December 5, 1917, contracted with one, Paul Van-Zant, to construct same, which he did. The minutes of the board of trustees with reference to the contract with VanZant for this work are as follows:

"At a call meeting of the board of the trustees of the town of Edmonton, Kentucky, on December 5, 1917, the following councilmen were present: Dr. W. P. Bushong, V. D. Mann, U. S. Shirley, P. P. Mitchell and Joe F. Leftwich.

"There being a full council sitting they proceeded to business as follows:

"Pursuant to an order duly advertised in the Edmonton News for the sealed bids for the construction of a cement sidewalk in front of the residence of Mrs. T. H. Privette on the Edmonton and Glasgow road for a distance of 263 feet, came Paul VanZant and others with bids, the bid of Paul VanZant being one hundred and sixty dollars ($160.00) and the lowest bid, said contract was awarded to him.

"The vote was unanimous.

"There being no further business before the council, they adjourned upon motion.

"Dr. P. W. Bushong, Chmn.
"C. Haskell Miller, Clerk."

On May 5, 1918, the following order was entered:

"A motion was made by councilman U. S. Shirley and seconded by councilman Joe F. Leftwich to accept the walk constructed by Paul VanZant in front of the residence of Mrs. T. H. Privette and to pay said Paul Van-Zant $160.00 as per contract for constructing same.

"The vote was unanimous."

Thereafter, appellees as trustees of the city of Edmonton instituted this action to enforce a lien for $160.00 with interest from May 5, 1918, against the property of appellants upon which said sidewalk abutted. Appellants by answer traversed all of the allegations of the petition except that their property was located in the town of Edmonton. A trial resulted in a judgment for plaintiffs and defendants have appealed.

The first ground upon which a reversal is asked is that appellees were not legally appointed to act as trustees of the town of Edmonton and that as a consequence everything done by them with reference to the construction of the sidewalk is illegal and void. For appellees it is insisted, first, that their appointment as trustees was regular and legal, and second, that even if this is not true, they were at least *de facto* officers.

It will not be necessary to consider this latter contention since we are clearly of the opinion that appellees were legally appointed. No trustees had been elected at the election previous to June 12, 1917, and there was a vacancy in the entire board when appellees were appointed as such by the county court of Metcalfe county at a special term. Section 3692 of the Kentucky Statutes provides:

"If from failure to elect at the time fixed by law or other cause there shall be a vacancy in the entire board of trustees, then the county court of the county shall have power to appoint five trustees, who shall hold their office until the next regular election."

This section of the statutes does not provide that the appointment shall be made at a regular term of the county court. Section 1058 of the statutes provides that:

"Special term of county courts may be held at any time for the transaction of any business except the probating of a will, or granting tavern, liquor or druggist license."

As the power conferred by section 3692 is not within the exceptions of section 1058, it is clear that power was legally exercised at a special term called for the purpose,

as was done here.  Hence the contention of appellants that the appointment of appellees as trustees was invalid because made at a special term of the court is untenable.

The next contention of appellants is that the construction of the sidewalk in front of their property was unwarranted and invalid because they had already constructed a good and sufficient stone walk in front of their property.  Waiving the proposition of law involved, a sufficient answer to this contention is found in the fact that the proof does not show that the alleged cut stone sidewalk in front of appellants' property was a good or sufficient sidewalk or more than a few stones and planks with intervening spaces.

It is next contended that appellants' property was outside of the town limits, but the proof is otherwise, and besides defendants did not deny the allegation of the petition that their property was located in the town.

Another insistence is that the contract with Van Zant is invalid because his was the only bid and competition was therefore excluded.  The contention that Van Zant was the only bidder is refuted by the minutes of the board meeting at which it was received and is not sustained by the other evidence in the record.  Besides it is not necessary to let the contract by competitive bidding in towns of the sixth class for the construction of sidewalks.  See Eisenschmidt v. Ader, 185 Ky. 280, 215 S. W. 48.

It is also urged that the judgment is not sufficiently specific in that it leaves to the discretion of the master commissioner the manner in which the lien adjudged shall be enforced.  It is not pointed out, however, in what respect the directions given to the commissioner could have been made more specific.  The judgment is in the ordinary form and we are unable to discover wherein it leaves anything to the comissioner's discretion.  He is directed to sell only a sufficiency of the property to satisfy the adjudged lien upon a credit of six months, to the lowest and best bidder, and is directed when and how and where to make such sale and to report his action to the next term of the circuit court.  Hence this objection must be overruled.

The final complaint is that the court erred in allowing interest from May 5, 1918, rather than from the date of the judgment.  The work was accepted and paid for by the trustees on May 5, 1918, and the statute gives the town a lien upon the property therefor.  We know of no rea-

son why interest should not be calculated from that date since the exact amount of the lien against the property then became fixed and due. There is no analogy between this case and that of Kentucky Public Elevator Co. v. Colson, 22 Ky. Law Rep. 228, 56 S. W. 981, relied upon by appellants, wherein is was held that interest should not be allowed until a correct apportionment for street improvements had been made by the court or city council, which was first done in that case by the judgment appealed from. This is not a street improvement case; no apportionment was required by the courts or city council, but, as above stated, the amount of the lien against defendants' property became fixed and due when the work was accepted and paid for by the council.

Perceiving no error prejudicial to appellants' substantial rights, the judgment is affirmed.