# Hoerth, et al. v. City of Sturgis, et al.

(Decided November 22, 1927.)

## Appeal from Union Circuit Court.

1. Municipal Corporations.—That city fo the fifth class in directing street improvement at expense of abutting property owners unnecessarily published resolution of necessity in accordance with statute applicable to cities of the fourth class held not to affect validity of ordinance subsequently enacted requiring the work to be done.

2. Municipal Corporations.—Ordinance drawn in strict conformity with provisions of statutes relating to cities of fourth class, providing for street improvement at expense of abutting owners, held not void, although city had been changed by Acts 1924, c. 82, from city of the fourth class to city of the fifth class.

3. Municipal Corporations.—City of fifth class may construct curbing in connection with street improvement, under Ky. Stats., section 3643-3, under ten-year bond plan, at abutting landowners' expense; section 3643-1 providing that curbing and sidewalks may be constructed only on cash payment plan being inapplicable.

4. Municipal Corporations.—Publication by city of fifth class of resolution of necessity, giving notice that it proposed to enact ordinance directing street improvement, was sufficient notice to abutting landowners and where they failed to act to construct curbing, city held authorized to proceed with improvement and assess cost against them, notwithstanding provision in Ky. Stats., sec. 3643-1, relating to how sidewalks and curbing might be constructed, providing that owners of abutting property shall have right to make such improvements, if they prefer, instead of paying for them.

5. Municipal Corporations.—Ky. Stats., sec. 3643-1, relating to how sidewalks and curbing may be constructed, held inapplicable to construction of curbing as a part of street improvement.

6. Municipal Corporations.—Enacting clause of ordinance of fifth class city reading, "It is ordained by the council of the city of ———," held to substantially comply with Ky. Stats., sec. 3638, providing that enacting clauses shall be, "The city council of the city of ——— do ordain as follows."

7. Municipal Corporations.—In action to enjoin city from assessing street improvement cost against abutting landowners, where contract between city and contractor provided that contractor should pay $50 for each day he should be in default in completing contract, whether contractor should be compelled to answer in damages as agreed held within city council's discretion, in view of contract provision that council might extend time for completion, and where council failed to deduct damages, landowners were liable for costs without deductions.

8. Municipal Corporations.—Engineer's fees for making necessary surveys, plans, and specifications and supervising work of street

improvement may be included as part of cost of improvements in assessing abutting property owners.

9. Municipal Corporations.—In action to enjoin city from assessing cost of street improvements against abutting landowners, provision in contract with engineer that if city did not let street improvement contract before certain date contract would terminate and amount due engineer for preliminary work would then be due held waived by proceeding under contract to completion of work, although contract was not awarded by specified date, and hence engineer's fees for whole work could be included as part of cost in assessing landowners.

10. Municipal Corporations.—Estimate entered in minute upon record book of city council of the cost of street improvement under bid submitted on unit basis and later accepted by the city council held not conclusive of amount recoverable by the contractor or of the amount assessable against abutting landowners.

11. Municipal Corporations.—That ordinance passed by city of the fifth class directed street improvement in accordance with Ky. Stats., sec. 3575, applicable to street improvements in cities of fourth class, and required election of payment plans and provided for a penalty, held not to make ordinance invalid, although city should be enjoined from attempting to enforce the unauthorized provisions, and cost should be assessed and collected under Ky. Stats., secs. 3643-7, 3643-10.

12. Municipal Corporations.—Cost of street improvements of city of fifth class must be assessed and collected in accordance with provisions of Ky. Stats., secs. 3643-7, 3643-10, providing for method of assessment and satisfaction and discharge of lien against property of abutting landowners.

13. Municipal Corporations.—City acting in ignorance of the fact that the Legislature, by Acts 1924, c. 82, had changed it from a city of the fourth class to a city of the fifth class, held not to be considered as de facto city of the fourth class, in action by abutting landowners to enjoin city from assessing cost of street improvement against them.

14. Municipal Corporations.—City is chargeable with notice of class to which an act of the Legislature assigns it or of act changing its classification.

15. Municipal Corporations.—It was not objectionable under Ky. Stats., sec. 3643-1, as amended 1920, that ordinances of fifth class city directing street improvements assessed cost of crossings and intersections to city.

W. T. HARRIS and P. H. WINSTON for appellants.

C. S. NUNN, BLAKEY, DAVIS & LEWIS and T. S. WALLER, JR., for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

By chapter 82 of the Acts of the Legislature of 1924 the cities and towns of the commonwealth were classified and Sturgis, in Union county, which theretofore had been a city of the fourth class, was made a city of the fifth class. The act was valid, and, upon its becoming effective, Sturgis ceased to be a fourth class and became a fifth class city. See city of Elizabethtown v. Lanz, 209 Ky. 815, 273 S. W. 500. No one in the city of Sturgis appears to have received actual notice of this change in its status as a municipality, and in August, 1924, and after the change had gone into effect, the municipality, acting through its city council, ordained that certain of its streets be improved at the expense of the abutting property owners and upon the ten-year bond plan. It is manifest from reading the resolutions and ordinances so decreeing that they were drawn under the provisions of our statutes relating to cities of the fourth class, and it is frankly admitted that the municipal authorities in enacting them proceeded under the mistaken belief that Sturgis then was a city of the fourth class. All of the statutory requirements relating to cities of that class were complied with, in that the ordinances were in due form and were enacted as required after the preliminary resolution of necessity and due advertisement thereof. Bids were advertised for and received, and the contract was entered into and the work has been performed. This action was then instituted by a great many of the citizens who own property abutting on the streets which have been improved to enjoin the municipality from assessing the cost of the improvement against them. The chancellor refused them the relief they sought and entered judgment dismissing their petition. They have appealed.

It would seem to be impossible to sustain appellants' broad contention, because the municipality followed the particular plan provided for in charters of cities of the fourth class in decreeing that the street improvement be made, that the entire proceeding is void. The thing that the city council did was to decree that certain of its streets be improved under plans and specifications which it had adopted at the expense of the abutting property owners upon the ten-year plan of payment. Reference to our statutes relating to cities of either the fourth or fifth class discloses that the city

council of either is vested with authority to have its streets constructed or reconstructed at the expense of the abutting property owners upon the ten-year plan of payment. There is no essential difference as to the formality of enacting the ordinances. In cities of the fourth class the work may not be ordained to be done until a resolution of necessity has been adopted and published for 30 days. That is not required in cities of the fifth class. But the fact that a city of the fifth class adopted and published a resolution of necessity would certainly not affect the validity of the ordinance subsequently enacted requiring the work to be done. It is essential to the validity of the plan of street improvement in either class city that the contract for the work must be let to the lowest and best bidder in competitive bidding after due advertisement.

Since under our statutes relating to municipalities, of both the fourth and fifth classes, cities of either class are authorized to construct or reconstruct their streets wholly at the expense of the abutting property owners upon the ten-year plan of payment, and since that is exactly what the city of Sturgis ordained to be done by the ordinances complained of herein, it cannot be said, although the ordinances were drawn in strict conformity with the provisions of our statutes relating to cities of the fourth class while the city of Sturgis was a city of the fifth class, that they are void. The city as a municipality of the fifth class had authority to have the street improvement, which is questioned, made at the expense of the abutting property owners and upon the ten-year bond plan, and that it has done.

Appellants insist that the ordinances under which the construction of the streets was had are void, because they include in the work to be done under the ten-year bond plan the curbing which was built as a part of the street; whereas, under section 3643-3, Kentucky Statutes, which provides the ten-year plan of street construction for cities of the fifth class curbing is not included, but under section 3643-1, curbing and sidewalks are classified together and may be constructed only upon the cash payment plan. Barry v. City of Cloverport, 175 Ky. 548, 194 S. W. 818, is cited as authority for this contention. A careful analysis of that opinion will demonstrate that it does not support appellants' contention. The opening statement of the

opinion discloses that the city of Cloverport proposed to improve the west side of Cross street by the construction of a sidewalk at the expense of the abutting property owners on the ten-year bond plan. The opinion clearly and logically construed the sections of the statutes pertinent to that controversy and held that the ten-year bond plan of fifth class cities did not include the construction of sidewalks, but related only to streets. Curbing constructed in connection with sidewalks under the statute and in the light of that opinion clearly would be treated as a part of the sidewalk construction and could not be constructed on the ten-year bond plan provided for by section 3643-3. The curbing constructed under the ordinances attacked herein was not a part of a sidewalk being constructed, but was constructed as an integral part of the street. The municipality here has not attempted to do what the city of Cloverport attempted to do, which, in Barry v. City of Cloverport, supra, it was held it could not do—that is, it has not attempted to construct a curb in connection with and as a part of a sidewalk under the ten-year bond plan—but it has attempted to construct a curb and gutter as an integral part of the street which it has decreed to be constructed at the expense of the abutting property owners and upon the ten-year bond plan. This, we think, it clearly had authority to do.

Appellants insist that under section 3643-1, Kentucky Statutes, and its provisions relating to how sidewalks and curbing may be constructed, and particularly this provision, "but the owners of such property shall have the right to make such improvements if they prefer doing so instead of paying for the same," renders it impossible for the city of Sturgis to assess against their property the cost of constructing the curbing because no opportunity was given to them to have this work done themselves. To this contention we cannot agree. It appears from the record herein that the city gave notice by publication of its resolution of necessity that it proposed to enact ordinances requiring the streets in question to be constructed. This notice was published more than 30 days before the city enacted the ordinance decreeing that the work should be done and before it advertised for bids. This 30 days' published notice of the city's intention to do the work certainly was sufficient to give appellants and all others interested the opportunity to

have done or to contract for and notify the city of their intention to have done any of the work which, under section 36434-1, they must be given the opportunity to do. Their failure to act after notice certainly authorized the city to proceed. In addition to this, it is to be noted that the curbing spoken of and referred to in the above-quoted portion of section 3643-1 is curbing constructed as an integral part of sidewalk construction, which, as pointed out in the City of Cloverport opinion, supra, cannot be done on the 10-year bond plan, while this curbing was constructed as a part of the street.

Section 3638, Kentucky Statutes, relating to cities of the fifth class, provides that the enacting clause of its ordinances shall be, "The city council of the city of —— do ordain as follows." The enacting clause of the ordinance decreeing that the streets of the city of Sturgis should be constructed reads: "It is ordained by the council of the city of Sturgis." Appellants insist that for this variation from the pattern which the statute, supra, provides the ordinance in question is void. This court cannot agree with them. There is no substantial difference between the enacting clause of the ordinance complained of and the pattern which the statute gives.

The contract between the city and the contractor who did the work fixed a time limit for its completion and provided that the contractor should pay $50 for each and every day, except Sunday and legal holidays, which he should be in default in completing the contract. That sum was agreed upon, not as a penalty, but as liquidated damages which the city would suffer by reason of such default. Appellants insist that the contractor consumed much more than the allotted time in performing the work, and that, upon the showing made, the city should be required to deduct the amount the contractor thus was in default from their assessments. The section of the contract providing for liquidated damages for default further provides: "The council shall have the right in its discretion to extend the time for the completion of the work beyond the time stated in this contract." By this language of the contract we are given to understand that the city council retained control of the matter, and there was left with it the discretion to determine whether under the circumstances attending the delay the contractor should be compelled to answer in damages as agreed upon. Its failure to deduct from the contract price of the street work anything for damages for fail-

ure upon the part of the contractor to finish the work within the time stipulated must be held to be its election under the contract to impose nothing by way of damages upon the contractor for failure to complete the work within the time stipulated. See Levi, etc., v. Coyne, 57 S. W. 790, 22 Ky. Law Rep. 493, and Robertson v. Southern Bitulithic Co., 190 Ky. 314, 227 S. W. 453.

Appellant's contention that the city was without authority to include as part of the cost of the streets the fees of the engineer who made the necessary surveys, provided the plans and specifications for and supervised the construction of the work in question, amounting to $2,749.26, and assess them against the property owners, has been answered in the negative by this court in City of Springfield v. Haydon, 216 Ky. 483, 288 S. W. 337, and Shaw v. City of Mayfield, 204 Ky. 618, 265 S. W. 13, and other opinions of this court therein cited. Appellants insist, however, that at most $991.94, engineer's fees, should be added to the cost of the work. This argument is based upon these facts: Under the contract between the city and the engineer it was agreed that if he would make the necessary surveys and do the necessary preliminary engineering work the city would pay him at a certain rate whether or not it proceeded any further with the plan of street improvement, and in that connection it was provided in the contract that if it had not let the contract for the street work by August 1, 1924, it would be deemed to have abandoned its intention to go further and the amount due the engineer for the preliminary work at the rate fixed would then be due. It is insisted for appellants that since the contract was not let by August 1, 1924, the contract between it and the engineer terminated and he was entitled to no further compensation thereunder. The difficulty encountered in upholding that contention arises from other facts appearing. Though the contract so provided, the parties to it did not treat it as having terminated by the failure of the city to award a contract for the street work by August 1, 1924. The plans for the street work were going forward at that time, and all of the work done by the city and the engineer subsequently was done under and pursuant to the terms of the contract. The parties to it merely waived that one stipulation of it and proceeded under it to the completion of the work. Hence, the engineer was entitled to receive and be paid full com-

pensation for the service performed by him under the contract.

On September 2, 1924, the bids for the construction of the work involved were opened by the city council, and a minute then entered upon its record book recites that the Meredith Highway Construction Company had submitted a bid for improving Adams street from the northern intersection of Seventh street to the West Kentucky railroad with concrete for "$25,819.75," and with brick for "$39,433.80." The contract was subsequently awarded to this bidder, or its assignee, and the streets were constructed of concrete. Appellants insist that as the city can speak only through its records this record of the bid of the construction company for concrete construction at $25,819.75 is conclusive and that they can be assessed nothing in excess of that amount. There might be some substance to this contention if this were the only record from which we must determine what the contractor is entitled to receive. The other records on file herein disclose that the bid of this bidder was not made at a lump sum, but on a unit basis. That is, that it proposed to do the work involved at a certain price per unit for the number of units of earth to be removed and for the number of units of stone to be removed and for the number of units of the different kinds and qualities of concrete to be used. The total fixed in the minute of the meeting of the council above necessarily was arrived at by estimation as none of the work had then been done. Subsequent minutes of the city council disclose that the bid of this bidder made on the unit basis was accepted. The city then entered into a contract with the contractor on the basis of the bid submitted by him, and as the work progressed and was completed the number of units of material removed in making ready for the construction of the streets and the number of units of material used in constructing the streets were ascertained by actual measurement, and the amount due the contractor under the terms of his bid, the city's acceptance of it, and the contract between him and the municipality was ascertained by exact computation. It was found to be $48,-570.48. In this state of case it cannot be said that the minute which was made at the meeting on September 2, 1924, is conclusive, or that because that minute was entered the contractor cannot recover under his contract the full contract price for the work he did.

The ordinance directing the street work to be done as stated was drawn under the statutes relating to municipalities of the fourth class. In accordance with the provisions of section 3575, Kentucky Statutes, it provided that after the work had been completed and accepted and the cost thereof apportioned to and a tax therefor levied on the property liable for its payment, notice should be given which would require all property owners interested to appear within 30 days at the office of the city treasurer and elect whether they would pay their assessments in cash or upon the 10-year payment plan, and that if anyone failed to so appear and elect his entire assessment should thereupon become due and a penalty of 10 per cent. be added. An examination of the statutes relating to cities of the fifth class will disclose that there is no provision which authorizes the city council to precipitate the payment of the entire assessment where streets have been improved upon the 10-year bond plan, or to add a penalty of 10 per cent. This, however, is a mere matter of detail and does not affect the validity of the ordinances complained of herein under which the municipality with the authority it possesses as a city of the fifth class has decreed the improvement of certain streets at the expense of the abutting property owners and on the 10-year bond plan. Being a city of the fifth class and being without authority to precipitate the collection of the entire assessment or to add a penalty of 10 per cent, the trial court should have enjoined it from attempting to put into force this portion of the ordinance under which it decreed that the streets in question be improved. The cost of this street improvement must be assessed and collected in accordance with the provisions of sections 3643-7 and 3643-10, Kentucky Statutes.

The contention for appellees that since everybody in good faith believed when this work was done that the city of Sturgis was a city of the fourth class it must be held to have been a de facto city of the fourth class, and that all its acts as such therefore must be upheld, cannot be sustained. Ball v. Eady, 193 Ky. 813, 237 S. W. 670; Providence v. Shackelford, 106 Ky. 378, 50 S. W. 542, 20 Ky. Law Rep. 1921, and Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A. (N. S.) 1101, Ann. Cas. 1915C, 493, cited by counsel for appellees in support of that contention do not sustain it. In each of those cases the municipality by the prevailing statutory method had been changed from a municipality of one class to that of

another, and, following the change, proceeded to function as a municipality of the class to which it had been assigned. Subsequently it was ascertained by appeal to the courts that the act making the change or under which the change was made was ineffective for the purpose because enacted in contravention of certain constitutional provisions. It was held, however, that until so declared by the courts the acts of the municipality as a city of the class to which it had been assigned were valid. It may be said that the acts of the Legislature under which the municipalities there involved were transferred from one class to another, though afterwards found to be ineffective for the purpose because unconstitutional, were, so to speak, color of title under which the municipalities might act to the protection of themselves and all of those with whom they dealt. That situation obtained until, the acts of the Legislature by or under which the changes were made were declared unconstitutional. We do not have that situation here. A municipality may not by the fact that it is in ignorance of the class to which it belongs elect to operate in any class it desires. It is chargeable with notice of the class to which by act of the Legislature it is assigned.

The ordinances in question provided that the city must pay the cost of the street intersections. Lawson v. City of Greenup, 192 Ky. 268, 232 S. W. 383, does not decide that, after the amendment of 1920, by which subsection 1 of section 3643, Kentucky Statutes, was amended by striking from it these words, "the cost of constructing or reconstructing the intersections or crossings of streets, avenues, and highways, shall be at, the expense of the city," which it had previously contained, the cost of such intersections and crossings must be borne by the property owners. It merely upheld the ordinances there attacked which assessed the cost of intersections and crossings against the property owners. The history of this legislation is given in Shaver v. Rice, 209 Ky. 467, 273 S. W. 48, where it was held that after that amendment which relieved the city of the necessity of paying for intersections and crossings it was in the discretion of the city council to require either the city or the property owners to pay that cost. Hence, it is not objectionable that the ordinances here attacked assess the cost of crossings and intersections to the municipality.

The judgment is reversed, with direction that a judgment in conformity herewith be entered.